**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CALOP BUSINESS SYSTEMS, INC., | No. 13-56992 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-07542-MMM-RZ |
| v. | |
| CITY OF LOS ANGELES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted May 6, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

The City of Los Angeles's Living Wage Ordinance ("LWO"), L.A. Admin.

Code §§ 10.37–10.37.14, requires contractors who operate at the City's airports to

pay their employees $14.80 per hour, or $10.30 per hour if the contractor provides

health benefits. L.A. Admin. Code § 10.37.2(a). The City's Office of Contract

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Compliance found that Calop Business Systems, Inc., violated the LWO over a twelve-day period in January 2010, in which Calop paid its employees only $11.55 per hour and made no health benefit contributions. Calop filed suit against the City, asserting that the LWO is unconstitutionally vague in violation of the due process guarantees of the United States and California Constitutions. Calop also contends that the LWO is preempted by three federal statutes: the Employee Retirement Income Security Act ("ERISA"),[1] the Airline Deregulation Act,[2] and the Railway Labor Act.[3] The district court granted summary judgment for the City on all of Calop's claims. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part and dismiss in part.

## I

The district court correctly held that Calop lacks standing to argue that the phrase "health benefits" is unconstitutionally vague. Calop paid its employees $11.55 per hour without paying any health benefits at all, and therefore engaged in "'conduct that is clearly proscribed'" by the LWO. *See Hunt v. City of L.A.*, 638 F.3d 703, 710 (9th Cir. 2011) (quoting *Holder v. Humanitarian Law Project*, 561

---

[1] 29 U.S.C. §§ 1001–1461.

[2] Pub. L. 95-504, 92 Stat. 1705 (1978) (codified as amended in scattered sections of 49 U.S.C.).

[3] 45 U.S.C. §§ 151-188.

U.S. 1, 20 (2010)).

The district court also correctly held that Calop lacks standing to attack the LWO's supersession provision, which allows employers and unions to opt out of the LWO's minimum wage in a collective bargaining agreement. L.A. Admin. Code § 10.37.12. As the district court observed, because Calop has not shown that the City ever attempted to enforce that provision against it, Calop cannot show that it suffered an injury as a result of the LWO's supersession clause. In addition, the higher overtime rate that the LWO imposes on employers who do not pay health benefits does not confer standing on Calop because it is "fairly traceable" to the City's interpretation of the LWO's minimum wage term, not to any ambiguity in the minimum wage and supersession provisions. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Calop therefore has not demonstrated that it has standing to argue that the minimum wage and supersession terms are unconstitutionally vague. *See id*.

We dismiss for lack of jurisdiction Calop's claim that the LWO is unconstitutionally vague.

II

ERISA preempts any state law that "has a connection with or a reference to" an employee benefits plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

The district court properly held that the LWO does not fulfill either condition of ERISA preemption. First, the LWO does not have a "reference to" employee benefits plans merely because it takes into account what health benefits employers offer in "calculating the cash wage that must be paid." *See WSB Elec., Inc. v. Curry*, 88 F.3d 788, 793–94 (9th Cir. 1996). Second, the LWO's provision for collecting reports on employee compensation from employers does not create a "connection with" employee benefits plans because the provision imposes no obligations on plans themselves. *See id.* at 794–96. Third, the LWO does not give rise to a "connection with" benefits plans merely by creating economic incentives to offer certain kinds of benefits, again because it imposes no affirmative obligation with respect to those plans. *See id.* at 795–96.[4]

## III

The district court correctly granted summary judgment for the City on Calop's claim that the Airline Deregulation Act preempts the LWO. Because Calop has produced no evidence that the LWO affects any airline's "price, route,

---

[4] Calop argues that ERISA preempts a provision of the LWO that prohibits employees from waiving their employers' health coverage under certain circumstances. *See* L.A. Admin. Code § 10.37.3(a). Calop lacks standing to challenge this provision because it has not shown that it offers a benefits plan, and therefore cannot show that the provision caused it any concrete injury. *See Lujan*, 504 U.S. at 560. To the extent that Calop argues that ERISA preempts the LWO's no-waiver provision, we dismiss the claim for lack of jurisdiction.

or service," *see* 49 U.S.C. § 41713(b)(1); *Air Transp. Ass'n v. City & Cnty. of S.F.*, 266 F.3d 1064, 1072 (9th Cir. 2001), Calop has not demonstrated that the LWO "acutely interfer[es] with the forces of competition" in the airline industry, s*ee Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1189 (9th Cir. 1998).

## IV

Finally, the district court correctly granted summary judgment for the City on Calop's claim that the LWO is preempted by the Railway Labor Act. The Act does not preempt state and local laws that, like the LWO, impose minimum substantive requirements while permitting employers and unions to bargain around them. *See Firestone v. S. Cal. Gas. Co.*, 219 F.3d 1063, 1067–68 (9th Cir. 2000).[5]

~

Calop's claim that the LWO is unconstitutionally vague, and its ERISA preemption claim to the extent it attacks section 10.37.3(a) of the Los Angeles Administrative Code, are **DISMISSED** for lack of jurisdiction. In all other respects, the judgment of the district court is **AFFIRMED**.

---

[5] *Firestone* held that a state labor regulation that permitted employers and unions to opt out was not preempted by either the Labor Management Relations Act or the National Labor Relations Act. *See* 219 F.3d at 1067–68. Opinions addressing preemption by these statutes also bear on preemption by the Railway Labor Act. *See Air Transp.*, 266 F.3d at 1075–76.